IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| **CLARENCE K. WILLIS** <br> 1302 Regent Avenue <br> Cincinnati, OH 45237 | **CASE NO:**_____ <br><br> **PLAINTIFF** |
| v. | |
| **CAMCO CHEMICAL CO.** <br> 8145 Holton Drive, Building 11 <br> Florence, KY 41042 <br>    SERVE:    ADRIAN HOTHEM <br>             8145 Holton Drive <br>             Florence, KY 41042 | **DEFENDANT** |

## COMPLAINT AND JURY DEMAND

Now come the Plaintiff, Clarence K. Willis, by and through counsel, and for his Complaint against Defendant, Camco Chemical Company, states as follows:

### NATURE OF ACTION

1. This is an action for relief for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Kentucky law against employment discrimination, K.R.S. Chapter 344.

2. Plaintiff, Clarence K. Willis, alleges that Defendant, Camco Chemical Co, by and through its authorized employees, unlawfully discriminated against him on the basis of his race and, further, that they unlawfully retaliated against him on the basis of his assertion of claims of racial discrimination.

3. Plaintiff seeks compensatory damages, punitive damages, and reasonable attorney's fees as well as all other costs and remedies available for Defendant's violation of his rights.

## PARTIES

4. Plaintiff, Clarence K. Willis, is an individual citizen of the State of Ohio. He is an African American individual.

5. Defendant, Camco Chemical Co., is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principle place of business in Florence, Boone County, Kentucky.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

7. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims and the parties are identical. Resolving Plaintiff's federal and state law claims in a single action serves the interests of judicial economy, consistency, and fairness of the parties.

8. Venue is proper and Defendant is subject to the personal jurisdiction of this Court because Defendant maintains its facility and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. §2000e-5(f)(3).

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

9. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

10. On or about March 23, 2021, the EEOC issued Plaintiff his notice of his right to sue.

11. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTUAL ALLEGATIONS

12. Plaintiff, Clarence K. Willis, became employed by Camco Chemical Co. sometime in 2007.

13. Plaintiff was employed as a Chemist working in the laboratory for Camco Chemical Co.

14. Throughout his thirteen (13) years of employment, Plaintiff received exemplary reviews. On a scale ranking from 0-100, Plaintiff typically scored a 90 or better almost every year.

15. On February 26, 2020, Plaintiff received a telephone call from Camco Chemical Company's management. Said management employee informed him that a Deputy Sheriff wanted to speak to Plaintiff. Said Deputy Sheriff informed Plaintiff that a fellow employee, by the name of Lisa Durbin, had informed her therapist that she had a gun and wanted to shoot him in the face. Plaintiff later learned that she claims wanted to shoot him in the face because he refused to speak with her at work. The Deputy Sheriff advised Plaintiff to seek a restraining order against said co-employee.

16. Plaintiff subsequently learned that other employees at Camco Chemical Company had heard threats by said co-employee against Plaintiff, although he was unaware of the threats until February 26, 2020.

17. In his discussions with management of Camco Chemical Company on February 26, 2020, Plaintiff explained that he rarely spoke to said co-employee because of her constant racial remarks, which created a racially hostile atmosphere.

18. Plaintiff informed the management that said co-employee regularly referred to Plaintiff and to other African Americans as "niggers." He informed Camco's management on February 26, 2020 that said co-employee's conduct created a racially hostile work environment and that led to his failure to engage in communications with her. He asked to be protected from the threats of violence and, further, asked to be protected against the racially hostile remarks and the racially hostile environment, which was in existence at the place of employment.

19. During the meeting on February 26, 2020, Plaintiff asked Defendant's management to take action to protect him from the racially hostile environment, including taking action to prevent further racial remarks in the workplace.

20. Being upset with the threats of violence, Plaintiff took paid time off work on February 27, 2020, with the consent of Defendant.

21. Defendant's supervisor began gathering statements from co-workers. However, instead of investigating Plaintiff's complaints of a hostile work environment and a racially charged work environment, said manager sought to find evidence against Plaintiff and asked employees to make accusations against Plaintiff of a hostile work environment. Several co-workers were upset by management's request and declined to engage in criticism of Plaintiff.

22. Defendant then ordered Plaintiff not to return to work.

23. Defendant's management then called Plaintiff in for a meeting on March 2, 2020. At that meeting, Defendant falsely advised Plaintiff that he had committed a range of misdeeds including sexual harassment, verbal abuse, and creating a hostile work environment. Defendant's management stated that this to be his final warning.

24. Defendant's management promised to give Plaintiff a list of the accusations against him, but failed to do so.

25. On or about March 2, 2020, Defendant suspended Plaintiff from work and terminated his employment on March 30, 2020.

26. Prior to his complaints of a racial discrimination and hostile work environment, Plaintiff had received no complaints about his work performance and had never before been accused of engaging in inappropriate conduct.

27. As a direct, legal, and proximate result of Defendant's termination of Plaintiff's employment, and it's retaliation for his complaints of racial discrimination, Plaintiff has sustained damages, including, but not limited to, past and present lost wages, past and present lost benefits, past and present emotional distress, and past and present physical and emotional pain and suffering.

## CLAIMS FOR RELIEF

## COUNT 1

28. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 27 of this Complaint.

29. 42 U.S.C. §2000e-2, Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination of the basis of, among other things, race.

30. Defendant discriminated against Plaintiff on the basis of race in suspending him and then terminating him from his employment.

31. As a direct, legal, and proximate result of said discrimination, Plaintiff has sustained and will continue to sustain economic and emotional injuries, as hereinabove set forth, resulting in damages in an amount to be proven at trial.

32. Defendant's unlawful actions were undertaken intentionally, willfully, maliciously, and in reckless disregard of Plaintiff's rights to be free from discrimination on the basis of race.

33. Defendant is entitled to his reasonable attorney's fees and costs of this action.

## COUNT TWO

34. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 33 of this Complaint.

35. Plaintiff was subjected to harassment by Defendant's agent and employees. Plaintiff was subjected to verbal abuse and a racially hostile work environment.

36. Defendant's agent's conduct was not welcomed by Plaintiff and interfered with the performance of his job duties.

37. The conduct undertaken was severe and pervasive, such that a reasonable person would find said work environment be hostile or abuse on the basis of race.

38. Plaintiff believed the environment to be hostile or abusive on the basis of race.

39. Management level employees knew or should have known of the abusive conduct. Indeed, Plaintiff notified Defendant's management of the hostile abuse of conduct.

40. As a direct, legal, and proximate result of discrimination, Plaintiff has sustained and will continue to sustain economic and emotional injuries resulting in damages in an amount to be proven at trial.

41. Defendant's unlawful actions were undertaken intentionally, maliciously and/or done in reckless disregard of Plaintiff's right to be free from discrimination on the basis of race.

42. Plaintiff is entitled to his reasonable attorney's fees and the cost of this action.

## COUNT THREE

43. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 42 of this Complaint.

44. Title VII of the Civil Rights Act of 1964 as amended prohibits employers from discriminating against an employee because he has opposed any practice that may be an unlawful practice by Title VII. *See,* 42 U.S.C. § 2000e-3(a).

45. Plaintiff made informal and formal complaints to Defendant's agents and employees, including management level employees, opposing Defendant's unlawful discriminatory employment practices and the hostile work environment, based on race.

46. As a result of Plaintiff's complaint, Defendant's agent and employees took materially adverse action against Plaintiff, including but not limited to, undertaking an investigation directed against him; suspending him from his employment; and ultimately terminating him.

47. Defendant's adverse action constitutes retaliatory workplace discrimination.

48. Defendant's retaliatory actions were sufficient to cause a reasonable person to engaging in protective activity under Title VII.

49. As a direct, legal, and proximate result of Defendant's retaliation, Plaintiff has sustained and will continue to sustain, economic and emotional injuries as hereinabove set forth resulting in damages in an amount to be proven at trial.

50. Plaintiff is, further, entitled to his reasonable attorney's fees and costs of this litigation.

## COUNT FOUR

51. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 50 of this Complaint.

52. K.R.S. 344.040(1)(a) makes it unlawful for an employer to fail or refuse to hire or to discharge any individual on the basis, among other things, said individuals race.

53. Defendant discharged Plaintiff on the basis of race, in violation of K.R.S. 344.040(1)(a).

54. As a direct, legal, and proximate result of said discrimination, Plaintiff has sustained and will continue to sustain economic and emotional damages hereinabove set forth.

55. As a further direct and proximate result of said discrimination, Plaintiff is entitled to recover his reasonable attorney's fees and his costs of his action.

## **COUNT FIVE**

56. Plaintiff incorporates herein, as if fully set out, paragraphs 1 through 56 of this Complaint.

57. K.R.S. 344.280 makes it unlawful for an employer to retaliate or to discriminate in any manner against a person because he opposed a practice declared unlawful by K.R.S. 344.280 or because he has made a charge or filed a complaint alleging discrimination in violation of K.R.S. Chapter 344.

58. Defendant retaliated against Plaintiff for making a complaint for unlawful racial discrimination in violation of K.R.S. 344.280.

59. As a direct, legal, and proximate result of Defendant's retaliation, Plaintiff has sustained and will continue to sustain economic and emotional injuries as hereinabove set forth resulting in damages in an amount to be proven at trial.

60. Plaintiff is entitled to his reasonable attorney's fees and costs of this litigation.

WHEREFORE, Plaintiff demands judgment as follows:

A. For back pay and damages reflecting his loss of wages from the date of suspension through the date of trial;

B. For front pay damages reflecting economic damages to be incurred between the date of trial and the time by which he obtains comparable employment;

C. For lost wages and all other compensation denied or lost to Plaintiff due to Defendant's unlawful action, in an amount to be determined at trial;

D. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be determined at trial;

E. For punitive damages in an amount to be determined at trial;

F. For reasonable attorney's fees and costs;

G. For any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

 /s/ Randy J. Blankenship
Randy J. Blankenship         KBA #81924
Blankenship Massey & Associates, PLLC
504 Erlanger Road
Erlanger, KY  41018
(859) 426-9000
rblankenship@nkylawyers.com

/s/ Chas Brannen
Chas J Brannen
P.O. Box 28
Covington, KY 41012
(859) 760-1340
chasbrannen@hotmail.com

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

 /s/ Randy J. Blankenship
Randy J. Blankenship